UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>VAZQUEZ-BARRON,<br><br>        Defendant. | Case No. 5:15-cr-00481-EJD-4<br><br>**ORDER GRANTING MOTION TO DISMISS JOSE VAZQUEZ-BARRON'S § 2255 MOTION**<br><br>Re: Dkt. No. 312 |

On August 15, 2016, Defendant Jose Vazquez-Barron ("Defendant") pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(a)(A)(viii). Dkt. No. 130. Defendant was thereafter sentenced to a custodial term of 210 months and five years of supervised release. Dkt. No. 164. Judgment was entered on December 7, 2016. Dkt. No. 165. On appeal, the Ninth Circuit granted the parties' joint motion to vacate certain supervised release conditions. Dkt. No. 273.

On remand on July 8, 2018, this Court ordered modifications to the Judgment in accordance with the Ninth Circuit's decision. Dkt. No. 277. The minute entry for the July 8, 2018 hearing indicated that an amended judgment would be issued. *Id.*

On September 13, 2019, Defendant filed a motion to vacate, set aside, or correct under 28 U.S.C. § 2255. Dkt. No. 296. At that time, through no fault of either party, this Court had not yet issued an amended judgment in accordance with the Ninth Circuit mandate.

On April 21, 2020, Plaintiff filed a motion to dismiss Defendant's § 2255 motion as premature because no amended judgment had been issued and, therefore, Defendant's judgment

was not yet final.  Dkt. No. 306.

On April 23, 2020, in accordance with its earlier order and with the Ninth Circuit mandate this Court issued an amended judgment, dated nunc pro tunc July 8, 2018.  Dkt. No. 308.  "'Nunc pro tunc signifies now for then, or in other words, a thing is done now, which shall have the same legal force and effect as if done at [the] time when it ought to have been done.'"  *United States v. Allen*, 153 F.3d 1037, 1044 (9th Cir.1998) (quoting Black's Law Dictionary 964 (5th ed.1979)). "The doctrine is considered part of the 'inherent power of the court to make its records speak the truth.'"  *Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008) (quoting *Allen*, 153 F.3d at 1044).  The Amended Judgment in this case was, therefore, entered on July 9, 2018.

Section 2255(f) imposes a one-year statute of limitation for all motions brought under the statute:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  A defendant's conviction becomes final, when he does not seek an appeal, when the time to file the notice of appeal expires – that is, 14 days after the entry of judgment.  *See* Fed. R. App. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000).

In this case, Amended Judgment was entered on July 9, 2018.  Defendant had 14 days from that date within which to file an appeal, or until July 23, 2018.  Defendant did not appeal the

Case No.: 5:15-cr-00481-EJD-4
ORDER GRANTING MOTION TO DISMISS JOSE VAZQUEZ-BARRON'S § 2255 MOTION
2

Amended Judgment and did not file his § 2255 Motion until September 10, 2019, more than one year after the amended judgment became final.  Dkt. No. 296.

Defendant did not respond to the government's motion to dismiss.  In the § 2255 Motion itself, however, he argued that the motion was timely because it was filed less than one year after the Ninth Circuit decision became final, *i.e.* less than one year after the time to file a petition for certiorari to the United States Supreme Court expired.  The statute is clear, however, that the one-year limitation period runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f).  In this case, the Ninth Circuit vacated the judgment and remanded with instructions.  Thus, it was not the Ninth Circuit's decision, but this Court's action in accordance with that decision that imposed an amended judgment.  The judgment became final on July 23, 2018, when the time to appeal the Court's issuance of an amended judgment became final, and that date triggered the one-year limitation period.

For these reasons, the Plaintiff's motion to dismiss is GRANTED and Defendant's § 2255 Motion is DISMISSED as untimely.

**IT IS SO ORDERED.**

Dated:  October 23, 2020

EDWARD J. DAVILA
United States District Judge

Case No.:  5:15-cr-00481-EJD-4
ORDER GRANTING MOTION TO DISMISS JOSE VAZQUEZ-BARRON'S § 2255 MOTION
3