UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE VAZQUEZ-BARRON,<br>Defendant. | Case No. 5:15-cr-00481-EJD-4<br><br>**ORDER GRANTING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 321 |

Defendant Jose Vazquez-Barron ("Defendant") was sentenced to 210 months imprisonment and 5 years supervised release for crimes related to possession and distribution of methamphetamine. Dkt. No. 130. On appeal, the Ninth Circuit granted the parties' joint motion to vacate certain supervised release conditions, and the case was remanded with instructions to modify the judgment. Dkt. No. 273. On remand, this Court ordered modifications to the Judgment in accordance with the Ninth Circuit's decision. Dkt. No. 277. The minute entry for the July 8, 2018 remand hearing indicated that an amended judgment would be issued. *Id.*

On September 13, 2019, Defendant filed a motion to vacate, set aside, or correct under 28 U.S.C. § 2255. Dkt. No. 296. At that time, through no fault of either party, this Court had not yet issued an amended judgment in accordance with the Ninth Circuit mandate and remand hearing.

On April 21, 2020, Plaintiff filed a motion to dismiss Defendant's § 2255 motion as premature because no amended judgment had been issued and, therefore, Defendant's judgment was not yet final. Dkt. No. 306. On April 23, 2020, in accordance with its earlier order and with the Ninth Circuit mandate this Court issued an amended judgment, dated *nunc pro tunc* July 9, 2018. Dkt. No. 308. The government then filed a second motion to dismiss Defendant's § 2255 motion as

Case No.: 5:15-cr-00481-EJD-4
ORDER GRANTING CERTIFICATE OF APPEALABILITY
1

untimely.  Dkt. No. 312.

This Court dismissed Defendant's § 2255 motion as untimely, finding that his September 13, 2019 motion was filed more than one year after the amended judgment became final on July 23, 2018.  Dkt. No. 317 at 2 (citing 28 U.S.C. § 2255(f) and Fed. R. App. P. 4(b)).  Defendant filed a notice of appeal.  Dkt. No. 319.  On November 20, 2020, the Ninth Circuit issued an order remanding the case to this Court for the limited purpose of granting or denying a certificate of appealability.  Dkt. No. 321; *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court.  28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).

This Court denied Defendant's § 2255 motion on procedural grounds.  Although the one-year period of limitation under 28 U.S.C. § 2255 is not debatable, this Court finds that reasonable jurists could differ on the application of that limitation period to the atypical procedural posture in this case. The Court did not reach the merits of Defendant's motion but finds that he raised colorable constitutional claims arising out of allegedly ineffective assistance of counsel.  Although the merits of those claims have not been briefed by either party, the Court concludes that Defendant is entitled to a certificate of appealability given the dismissal of his motion on procedural grounds.

**IT IS SO ORDERED.**

Dated: November 23, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00481-EJD-4
ORDER GRANTING CERTIFICATE OF APPEALABILITY
2