UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE VAZQUEZ-BARRON,<br><br>Defendant. | Case No.   5:15-cr-00481-4 EJD<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>Re: Dkt. No. 296 |

Before the Court is Defendant Jose Vazquez-Barron's ("Defendant") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming that his counsel was ineffective. Mot. to Vacate under 28 U.S.C. 2255 ("Mot. to Vacate"), ECF No. 296. On August 7, 2023, the Government filed its response to Defendant's motion. Opp'n to Def.'s 28 U.S.C. 2255 Mot. ("Opp'n"), ECF No. 418. Defendant did not file a reply. For the foregoing reasons, the Court **DENIES** Defendant's motion to vacate, set aside, or correct his sentence pursuant to Section 2255.

I.  **BACKGROUND**

On August 15, 2016, Defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A)(viii). Plea Agreement, ECF No. 131. Defendant was thereafter sentenced to a custodial term of 210 months and five years of supervised release. ECF No. 164. Judgment was entered accordingly on December 7, 2016. ECF No. 165. On appeal, the Ninth Circuit granted the parties' joint motion to vacate certain supervised release conditions. ECF No. 273. On remand on July 8, 2018, this Court ordered modifications to the Judgment in accordance

1   with the Ninth Circuit's decision.  ECF No. 277.  On September 13, 2019, Defendant filed a

2   motion to vacate, set aside, or correct under 28 U.S.C. § 2255.  ECF No. 296.  On April 23, 2020,

3   in accordance with its earlier order and with the Ninth Circuit mandate, this Court issued an

4   amended judgment, dated nunc pro tunc July 8, 2018.  ECF No. 308.  The Court thereafter granted

5   the Government's motion to dismiss Defendant's Section 2255 motion as untimely.  ECF No. 317.

6   Upon Defendant's appeal, the Ninth Circuit vacated the Court's Order dismissing Defendant's

7   motion as untimely and remanded to permit this Court to consider the claims raised in the Section

8   2255 motion on the merits.  ECF No. 378.

9         The Court now considers Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside,

10  or correct his sentence on the ground that his counsel was ineffective.

11  **II.     LEGAL STANDARD**

12        Section 2255 authorizes a person convicted of a crime to "move the court which imposed

13  the sentence to vacate, set aside, or correct the sentence based on a violation of federal law."  28

14  U.S.C. § 2255(a).

15        Relief is limited to situations where "the sentence was imposed in violation of the

16  Constitution or laws of the United States."  *Id.*; *see also United States v. Berry*, 624 F.3d 1031,

17  1038 (9th Cir. 2010).  This motion may not be used as a second appeal.  *Berry*, 624 F.3d.

18  Accordingly, a defendant is barred from re-litigating claims that have already been decided on

19  direct appeal.  *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit

20  is clear that when a motion has been decided adversely on appeal from a conviction, it cannot be

21  litigated again on a 2255 motion.").

22        If error is found, then "the court shall vacate and set the judgment aside and shall discharge

23  the prisoner or resentence him or grant a new trial or correct the sentence as may appear

24  appropriate."  28 U.S.C. § 2255(b).  Following the submission of a Section 2255 motion, the court

25  must grant an evidentiary hearing "[u]nless the motion and the files and records of the case

26  conclusively show that the prisoner is entitled to no relief."  *Id.*  The court need not hold an

27  evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not

28

1  state a claim for relief or are so palpably incredible as to warrant summary dismissal. *United*

2  *States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

**III.   DISCUSSION**

To prevail on an ineffective assistance of counsel claim, a convicted defendant must show:

1. His counsel's performance was "deficient"—his attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

2. This deficient performance caused "prejudice"—the errors were so serious as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

The inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. The defendant must show both deficiency and prejudice; if an insufficient showing is made for one, the court need not consider the other. *Id.* at 697. Meeting the *Strickland* standard is "never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

In assessing trial counsel's performance, the court applies an objective standard of reasonableness and asks, "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Review is "highly deferential"—a fair assessment of counsel's performance requires that every effort be made to eliminate the "distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Due to the difficulties inherent in this evaluation, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Defendant, thus, must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy" since "[t]here are countless ways to provide effective assistance in any given case." *Id.* Accordingly, counsel's judgments receive a "heavy measure of deference." *Id.* at 691.

Here, Defendant argues that his counsel was ineffective in three ways: (1) for failing to contest the quantity of drugs attributed to Defendant at the sentencing phase; (2) for failing to raise at sentencing the fact that a prior conviction for driving under the influence ("DUI") is not a crime

of violence; and (3) for failing to raise at sentencing the fact that a conviction of false imprisonment is not a crime of violence. *See* Mot. to Vacate.

### A.   Contesting the Quantity of Drugs at Sentencing

First, Defendant argues that his counsel's representation was deficient because they failed to contest the quantity of drugs at sentencing. Mot. to Vacate 5. Defendant highlights that he plead guilty to conspiracy involving only 500 grams of methamphetamine, but the pre-sentencing report established a quantity of 8.7 kilograms of methamphetamine. *Id.* Defendant argues that his counsel misled him in the plea negotiations and failed to inform him of the increased amount of methamphetamine contained in the pre-sentencing report. *Id.*

However, Defendant's plea agreement plainly indicates that he would be attributed 8.7 kilograms of methamphetamine for the purposes of relevant conduct: "I stipulate and agree that the total amount of methamphetamine attributable to me for purposes of relevant conduct is 8.7 kilograms or more of methamphetamine." Plea Agreement ¶ 2, p. 4:1–3. Defendant's plea agreement further stipulates that the amount of drugs for the purposes of calculating his sentence under the Sentencing Guidelines is 8.7 kilograms of methamphetamine. *Id.* ¶ 7.a. During the December 5, 2016 sentencing hearing, the Court ensured that Defendant understood his plea agreement and its sentencing consequences, including asking whether he reviewed the plea agreement with counsel, had the opportunity to review and understand the agreement in Spanish, had the opportunity to ask questions, and was satisfied with his counsel's assistance. Tr. of 12/5/2016 Proceedings 5–7; ECF No. 196. The Court also had the Government read the factual basis into the record, which included reference to the fact that the conspiracy involved 8.7 kilograms or more of methamphetamine. *Id.* at 16:24–17:2.

Because Defendant's plea agreement stipulated to assigning 8.7 kilograms for the purposes of relevant conduct and specifically for the purposes of calculating his sentence under the Sentencing Guidelines, there were no meritorious arguments that his counsel could have made to contest that quantity of drugs at sentencing. Further, Defendant indicated at his sentencing hearing that he fully understood his plea agreement, had the opportunity to review and ask questions, and

was satisfied with his counsel's assistance. Therefore, Defendant has failed to show that his counsel committed errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* 466 U.S. at 687.

### B.  Prior DUI and False Imprisonment Convictions

Next, Defendant argues that his counsel's representation was deficient because his counsel failed to argue during sentencing that Defendant's prior convictions for a DUI and false imprisonment are not violent crimes. Mot. to Vacate 6–8. Defendant argues that his counsel's failure to make these arguments resulted in an increase to his base offense level by one point as to the DUI conviction and two points as to the false imprisonment conviction. *Id.*

However, the pre-sentencing report indicates that the 2008 DUI conviction increased his criminal history calculation by one point because it was a prior sentence pursuant to U.S.S.G. § 4A1.1(c)—not because it was a crime of violence under U.S.S.G. § 4A1.1(f). Pre-Sentencing Report ("PSR") ¶ 81, ECF No. 151. The pre-sentencing report also indicates that the 2012 false imprisonment conviction increased Defendant's criminal history calculation by two points because it was a prior sentence of imprisonment pursuant to U.S.S.G. § 4A1.1(b)—again, not because it was a crime of violence under U.S.S.G. § 4A1.1(f). *Id.* ¶ 82.

Because his prior DUI and false imprisonment convictions were not considered to be crimes of violence for sentencing purposes, there were no arguments for his counsel to make in this regard. Defendant's counsel did, however, urge the Court to not follow the guidelines and grant a lesser sentence in light of Defendant's limited criminal history consisting only of this DUI and false imprisonment convictions. Tr. of 12/6/2016 Proceedings 8:6–16, 10:16–20.

Therefore, the Court finds that Defendant has also failed to show that his counsel was deficient under *Strickland* on this ground.

### IV.  CONCLUSION

Defendant failed to show that his counsel's assistance was ineffective. Therefore, the Court **DENIES** Defendant's motion. The Court also determines that Defendant is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2255 (stating that an evidentiary hearing is not required if

1  "the motion and the files and records of the case conclusively show that the prisoner is entitled to
2  no relief"). A Judgment will follow the posting of this Order, and the Clerk shall close the file.
3  **IT IS SO ORDERED.**
4  Dated: December 11, 2023

_____
EDWARD J. DAVILA
United States District Judge